## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **3B MEDICAL, INC.,**<br>a Florida corporation,<br><br>        Plaintiff,<br><br>v.<br><br>**ATLANTIC MEDICAL SPECIALTIES MID-WEST,**<br>a Pennsylvania corporation,<br><br>        Defendant. | Case No.  21-CV-1187<br><br>Hon.<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES Plaintiff 3B Medical Inc., ("3B"), by and through its counsel, and for its Complaint against Defendant Atlantic Medical Specialties Mid-West ("Atlantic"), states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      3B Medical Inc. ("3B"), is a Florida corporation with its principal place of business at 203 Avenue A NW, Suite 300, Winter Haven, FL 33881.

2.      3B is engaged in the business of selling medical equipment.

3.      Atlantic Medical Specialties Mid-West ("Atlantic"), is a Pennsylvania corporation with its principal place of business at 17992 E. Colt Court, Queen Creek, Arizona, 85142.

4.      Atlantic is engaged in the business of selling medical equipment.

5.      The agreement that gave rise to this action was prepared and executed, in part, in Polk County, Florida and was for services to be rendered, in part, in Polk County, Florida.

6.      This court has jurisdiction over this matter because the amount in controversy exceeds $75,000.00 and the Complaint seeks equitable relief.

7.      This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 and 1367. Plaintiff is not a citizen of the same state as the Defendant. Thus, complete diversity exists. All of the claims are so related to each other that they form the same case or controversy.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

9.      Venue and jurisdiction are otherwise proper in this Court.

## COMMON ALLEGATIONS

10.      On February 24, 2020, 3B entered into a Sales Representation Agreement with Atlantic, attached as Exhibit 1 ("Agreement").

11.      Under the terms of that Agreement, Atlantic agreed to represent 3B products for sale to actual and potential 3B customers within a specified territory.

12.      That territory was defined in the Agreement as New Mexico, Illinois, Indiana, Maine, Vermont, New Hampshire, Connecticut, Massachusetts, Rhode Island, Upstate New York, West Pennsylvania, Michigan, Northern Ohio, Eastern

Pennsylvania, Kentucky, West Virginia, Virginia, Arizona, and Hawaii ("the Territory").

13.    3B agreed to pay to Atlantic a commission, as set forth in the Agreement, for specified sales by Atlantic into the Territory.

14.    On March 19, 2021, 3B gave the required 30 day written notice to Atlantic of 3B's termination of Atlantic as a sales representative.

15.    The termination of Atlantic took effect on April 18, 2021.

16.    During the time period that Atlantic represented 3B, 3B conveyed to Atlantic certain sample 3B products for use by Atlantic to demonstrate the look and function of the equipment that Atlantic was selling on 3B's behalf.

17.    3B conveyed to Atlantic nine samples of each of the following products for each of Atlantic's sales representatives: Stratus Stationary Oxygen Concentrator, Aer X Portable Oxygen Concentrator, Lumin UV Sanitizer, Lumin Wand, Lumin Bullet, Luna II Auto-CPAP, Luna G3 BPAP (collectively, "the Samples").

18.    The value of the Samples was approximately $31,500.00.

19.    After termination, 3B asked that Atlantic return the Samples.

20.    Pursuant to paragraph 5(c) of the Agreement, Atlantic was required to "return, within thirty (30) days of termination any samples and catalogs that are the property of Principal."

21.     Neither Atlantic, nor its principal, Charles Kaufman, nor any of the sub-representatives of Atlantic, returned the Samples within 30 days of termination.

22.     To date, those Samples have not been returned.

23.     Since Atlantic's termination, one or more employees of Atlantic has spoken negatively about 3B, on information and belief.

24.     Since Atlantic's termination, Atlantic has asked for commission payments in addition to the commission payments that 3B paid to Atlantic under the terms of the Agreement.

25.     On April 22, 2021, a lawyer writing on behalf of Atlantic claimed that 3B had breached the Agreement by paying to Atlantic less in commissions than Atlantic was owed, according to that lawyer.

26.     Atlantic's lawyer also demanded an accounting of all sales in the Territory from February 24, 2020 through the date of the letter.

27.     Atlantic's lawyer threatened to bring legal action against 3B should Atlantic's demands not be honored.

## COUNT I – BREACH OF CONTRACT

28.     3B incorporates by reference all prior allegations as if set forth fully herein.

29.     Under Section 5(c) of the Agreement, Atlantic agreed to return within 30 days of termination all Samples as requested by 3B.

30.     3B requested that Atlantic return the Samples.

31.     Nevertheless, Atlantic did not return the Samples within 30 days from termination.

32.     This failure to return 3B's property has damaged 3B.

## COUNT II – CONVERSION

33.     3B incorporates by reference all prior allegations as if set forth fully herein.

34.     3B owns the Samples.

35.     3B has requested that Atlantic return the Samples.

36.     Atlantic has failed to return the Samples.

37.     3B uses the Samples as a sales tool.

38.     As a result, 3B has been and continues to be deprived of the Samples that it needs to sell its products.

## COUNT III – DEFAMATION

39.     3B incorporates by reference all prior allegations as if set forth fully herein.

40.     On information and belief, Atlantic has made one or more false and defamatory statements about 3B.

41.     These defamatory statements were published orally to a third party.

42.     Atlantic made these defamatory statements with the requisite intent.

43.     As a result, 3B has suffered damages.

## COUNT IV – DECLARATORY JUDGMENT

44.     3B incorporates by reference all prior allegations as if set forth fully herein.

45.     Atlantic has declared that it is entitled to amounts from 3B for commission-based compensation that Atlantic did not earn and on transactions that did not quality for commissions under the Agreement.

46.     3B does not owe this commission-based compensation to Atlantic.

47.     Atlantic has demanded, without justification, an amount far higher than commissions to which Atlantic is entitled.

48.     Atlantic has retained counsel to demand payment of this commission-based compensation that Atlantic wrongfully claims is due to it.

49.     Atlantic's counsel has threatened legal action against 3B should 3B not pay these amounts to which Atlantic is not entitled.

50.     An actual controversy as to the legal rights and relations exists between the parties as Atlantic is demanding from 3B an amount greater than that to which Atlantic is entitled.

## RELIEF REQUESTED

WHEREFORE, 3B respectfully requests that this Court:

A.   Determine the amount of commission, if any, to which Atlantic is entitled under the Sales Representation Agreement and enter a declaratory judgment that 3B is not obligated to pay Atlantic an amount more than the amount of commissions so determined by this Court.

B.   Order the return by Atlantic of the Samples.

C.   Award 3B money damages, including exemplary damages, lost profits, and all other appropriate damages, including all interest, costs, attorney fees, and disbursement in this action.

D.   Grant such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: May 14, 2021          Respectfully submitted,

/s/Ryan M. Clancy
Ryan M. Clancy
Florida Bar No. 117650
Email: ryan@business-esq.com
Ainsworth + Clancy
801 Brickell Ave., 8th Floor
Miami, FL 33131
Telephone: (305) 600-3816

Steven Susser (P52940)
PHV No. (*Application Pending*)
Email: ssusser@cgolaw.com

Carlson, Gaskey & Olds, P.C.
400 West Maple Road, Ste. 350
Birmingham, MI 48009
Telephone: (248) 988-8360

*Attorneys for Plaintiff, 3B Medical, Inc.*